UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALTAIR DEPADUA,<br><br>    Plaintiff,<br><br>v.<br><br>CENTRAL TRANSPORT, LLC,<br><br>    Defendant. | Case No. 20-cv-04947-TSH<br><br>**DISCOVERY ORDER RE EX PARTE APPLICATION FOR ORDER AUTHORIZING PRE-HEARING DISCOVERY**<br><br>Re: Dkt. No. 10 |

Plaintiff Altair Depudua moves for limited pre-hearing discovery pursuant to Federal Rule of Civil Procedure 26(d)(1). Depadua filed his original complaint in California state court on May 15, 2020 and a First Amended Complaint ("FAC") on May 26, 2020, alleging, among other things, violations of California employment and labor law. The FAC names Central Transport, LLC ("CT") and 20 doe defendants. ECF No. 1-1. The FAC contains several allegations related to the conduct of a person who Depadua alleges to have been his direct supervisor. *See* FAC ¶¶ 30-33, 36-37, 39. Depadua is unaware of his supervisor's full name and knows only the supervisor's first name, Oscar, though he asserts that Oscar is a California resident. Decl. of Michael M. Astanehe ¶ 3, 7, ECF No 8-2.

On July 23, 2020, CT removed the action to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 by invoking diversity of citizenship with an amount in controversy exceeding $75,000. ECF No. 1. On August 24, Depadua filed a Motion for Remand & Attorney Fees, arguing the Court lacks diversity jurisdiction because the FAC asserts claims against Oscar. ECF No. 8-3. On August 27, Depadua filed the current Ex Parte Application for Order Authorizing Pre-Hearing Discovery, ECF No. 10-1, in which he asks the Court to authorize limited discovery before the Parties' Rule 26(f) conference to able to obtain Oscar's identity in order to name him as

1   a defendant before the Court decides Depadua's Motion for Remand.  CT's primary objection is
2   that the discovery Depadua seeks is not authorized by Rule 26.  It also argues that Depadua will
3   suffer no harm in having to wait to discover Oscar's identity, because the case can be remanded
4   later if, through the regular course of discovery, the addition of Oscar eliminates discovery.[1]

5   The Court will authorize the limited, pre-hearing discovery.  First and foremost, the
6   discovery which Depadua seeks is permitted by Federal Rule of Procedure 26(d)(1), which
7   provides that "[a] party may not seek discovery from any source before the parties have conferred
8   as required by Rule 26(f), except . . . when authorized by these rules, by stipulation or by court
9   order."  "A court may authorize early discovery before the Rule 26(f) conference for the parties'
10  and witnesses' convenience and in the interests of justice." *Strike 3 Holdings, LLC v. Doe*, 2019
11  U.S. Dist. LEXIS 113938, at *2 (N.D. Cal. July 9, 2019) (citing Fed. R. Civ. P. 26(d)).  Second,
12  we're talking about a very small amount of discovery, only a supervisor's identity, so the burden
13  on CT in having to produce it is virtually none.  As Depadua pointed out, CT has no doubt
14  expended far more resources opposing this disclosure than it would have spent in simply
15  disclosing Oscar's identity.  Also, CT faces no prejudice in having to disclose Oscar's identity,
16  since the information will inevitably come out in discovery anyway—a point which CT concedes.
17  At the same time, if remand is appropriate, the earlier the Court knows the better, saving the Court
18  judicial resources and Depadua the costs having to litigate in a court that may lack jurisdiction.
19  Depadua has demonstrated good cause for this very limited, pre-hearing discovery.  *See Semitool,*
20  *Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002) ("Good cause may be
21  found where the need for expedited discovery, in consideration of the administration of justice,
22  outweighs the prejudice to the responding party.").[2]

---

[1] CT had earlier argued that Depadua did not meet and confer regarding his ex parte application prior to filing it, in violation of the Court's standing order, a point which Depadua disputed; as it was unclear whether they had, the Court ordered the parties to meet and confer on September 10, ECF No. 18, so that argument is mooted.

[2] If CT intends to argue that Depadua's amending his FAC to add Oscar is improper, then it can do so when Depadua moves to amend (CT has indicated it intends to do so).  And if CT intends to argue that remand is not appropriate because Depadua added a defendant solely to defeat jurisdiction, that argument should be made in opposition to remand.  But making or deciding those arguments now is putting the cart before the horse.

Accordingly, CT shall produce the identity of Oscar, Depadua's supervisor, and shall do so by September 30, 2020.

**IT IS SO ORDERED.**

Dated: September 25, 2020

_____
THOMAS S. HIXSON
United States Magistrate Judge